792 F.2d 451
 Robert P. ALMOND; Jerry A. Calloway; Vernon G. Cox; Allen
E. Dail; Janice D. Decker; David W. Guthrie; Brenda M.
Herring; Sherman L. Lewis; Janice E. Osborne; Leslie T.
Simmons, on behalf of themselves and all other persons
similarly situated, Appellees,
v.
Harlan E. BOYLES, in his official capacity as Treasurer of
the State of North Carolina and as Chairman of the Board of
Trustees of the North Carolina Teachers' and State
Employees' Retirement System; R. Eugene Ballard, in his
official capacity as a member of the Board of Trustees of
the North Carolina Teachers' and State Employees' Retirement
System; Ezra A. Bridges, in his official capacity as a
member of the Board of Trustees of the North Carolina
Teachers' and State Employees' Retirement System; M.L.
Byrd, in his or her official capacity as a member of the
Board of Trustees of the North Carolina Teachers' and State
Employees' Retirement System; William C. Covington, Jr., in
his official capacity as a member of the Board of Trustees
of the North Carolina Teachers' and State Employees
Retirement System; Withers Davis, in his official capacity
as a member of the Board of Trustees of the North Carolina
Teachers' and State Employees' Retirement System; Colleen
Jakes, in her official capacity as a member of the Board of
Trustees of the North Carolina Teachers' and State
Employees' Retirement System; Horace Jernigan, in his
official capacity as a member of the Board of Trustees of
the North Carolina Teachers' and State Employees' Retirement
System; Dan W. Jones, in his official capacity as a member
of the Board of Trustees of the North Carolina Teachers' and
State Employees' Retirement System; V. Glenn Morton, in his
official capacity as a member of the Board of Trustees of
the North Carolina Teachers' and State Employees' Retirement
System; Thomas Z. Osborne, in his official capacity as a
member of the Board of Trustees of the North Carolina
Teachers' and State Employees' Retirement System; A. Craig
Phillips, in his official capacity as a member of the Board
of Trustees of the North Carolina Teachers' and State
Employees' Retirement System; Theo H. Pitt, Jr., in his
official capacity as a member of the Board of Trustees of
the North Carolina Teachers' and State Employees' Retirement
System; Linda I. Rader, in her official capacity as a
member of the Board of Trustees of the North Carolina
Teachers' and State Employees' Retirement System; Board of
Trustees of the North Carolina Teachers' and State
Employees' Retirement System; E.T. Barnes, in his official
capacity as Deputy Treasurer of the State of North Carolina
and as Director of the Retirement Systems Division, Defendants,
and
Phillip J. Kirk, in his official capacity as Secretary,
North Carolina Department of Human Resources; Herman
Gruber, in his official capacity as Director, Division of
Services for the Blind, North Carolina Department of Human
Resources; Mary Ann Van Name, in her official capacity as
Chief of Business Enterprises, Division of Services for the
Blind, North Carolina Department of Human Resources, Appellants.
Robert P. ALMOND; Jerry A. Calloway; Vernon G. Cox; Allen
E. Dail; Janice D. Decker; David W. Guthrie; Brenda M.
Herring; Sherman L. Lewis; Janice E. Osborne; Leslie T.
Simmons, on behalf of themselves and all other persons
similarly situated, Appellees,
v.
Harlan E. BOYLES, in his official capacity as Treasurer of
the State of North Carolina and as Chairman of the Board of
Trustees of the North Carolina Teachers' and State
Employees' Retirement System; R. Eugene Ballard, in his
official capacity as a member of the Board of Trustees of
the North Carolina Teachers' and State Employees' Retirement
System; Ezra A. Bridges, in his official capacity as a
member of the Board of Trustees of the North Carolina
Teachers' and State Employees' Retirement System; M.L.
Byrd, in his or her official capacity as a member of the
Board of Trustees of the North Carolina Teachers' and State
Employees' Retirement System; William C. Covington, Jr., in
his official capacity as a member of the Board of Trustees
of the North Carolina Teachers' and State Employees
Retirement System; Withers Davis, in his official capacity
as a member of the Board of Trustees of the North Carolina
Teachers' and State Employees' Retirement System; Colleen
Jakes, in her official capacity as a member of the Board of
Trustees of the North Carolina Teachers' and State
Employees' Retirement System; Horace Jernigan, in his
official capacity as a member of the Board of Trustees of
the North Carolina Teachers' and State Employees' Retirement
System; Dan W. Jones, in his official capacity as a member
of the Board of Trustees of the North Carolina Teachers' and
State Employees' Retirement System; V. Glenn Morton, in his
official capacity as a member of the Board of Trustees of
the North Carolina Teachers' and State Employees' Retirement
System; A. Craig Phillips, in his official capacity as a
member of the Board of Trustees of the North Carolina
Teachers' and State Employees' Retirement System; Theo H.
Pitt, Jr., in his official capacity as a member of the Board
of Trustees of the North Carolina Teachers' and State
Employees' Retirement System; Linda I. Rader, in her
official capacity as a member of the Board of Trustees of
the North Carolina Teachers' and State Employees' Retirement
System; E.T. Barnes, in his official capacity as Deputy
Treasurer of the State of North Carolina and as Director of
the Retirement Systems Division, Appellants,
and
Thomas Z. Osborne, in his official capacity as a member of
the Board of Trustees of the North Carolina Teachers' and
State Employees' Retirement System; Board of Trustees of
the North Carolina Teachers' and State Employees' Retirement
System; A. Craig Phillips, in his official capacity as a
member of the Board of Trustees of the North Carolina
Teachers' and State Employees' Retirement System; Phillip
J. Kirk, in his official capacity as Secretary, North
Carolina Department of Human Resources; Herman Gruber, in
his official capacity as Director, Division of Services for
the Blind, North Carolina Department of Human Resources;
Mary Ann Van Name, in her official capacity as Chief of
Business Enterprises, Division of Services for the Blind,
North Carolina Department of Human Resources, Defendants.
Robert P. ALMOND; Jerry A. Calloway; Vernon G. Cox; Allen
E. Dail; Janice D. Decker; David W. Guthrie; Brenda M.
Herring; Sherman L. Lewis, on behalf of themselves and all
other persons similarly situated, Appellants,
and
Janice E. Osborne; Leslie T. Simmons, Plaintiffs,
v.
Harlan E. BOYLES, in his official capacity as Treasurer of
the State of North Carolina and as Chairman of the Board of
Trustees of the North Carolina Teachers' and State
Employees' Retirement System; R. Eugene Ballard, in his
official capacity as a member of the Board of Trustees of
the North Carolina Teachers' and State Employees' Retirement
System; Ezra A. Bridges, in his official capacity as a
member of the Board of Trustees of the North Carolina
Teachers' and State Employees' Retirement System; M.L.
Byrd, in his or her official capacity as a member of the
Board of Trustees of the North Carolina Teachers' and State
Employees' Retirement System; William C. Covington, Jr., in
his official capacity as a member of the Board of Trustees
of the North Carolina Teachers' and State Employees
Retirement System; Withers Davis, in his official capacity
as a member of the Board of Trustees of the North Carolina
Teachers' and State Employees' Retirement System; Colleen
Jakes, in her official capacity as a member of the Board of
Trustees of the North Carolina Teachers' and State
Employees' Retirement System; Horace Jernigan, in his
official capacity as a member of the Board of Trustees of
the North Carolina Teachers' and State Employees' Retirement
System; Dan W. Jones, in his official capacity as a member
of the Board of Trustees of the North Carolina Teachers' and
State Employees' Retirement System; V. Glenn Morton, in his
official capacity as a member of the Board of Trustees of
the North Carolina Teachers' and State Employees' Retirement
System; A. Craig Phillips, in his official capacity as a
member of the Board of Trustees of the North Carolina
Teachers' and State Employees' Retirement System; Theo H.
Pitt, Jr., in his official capacity as a member of the Board
of Trustees of the North Carolina Teachers' and State
Employees' Retirement System; Linda I. Rader, in her
official capacity as a member of the Board of Trustees of
the North Carolina Teachers' and State Employees' Retirement
System; E.T. Barnes, in his official capacity as Deputy
Treasurer of the State of North Carolina and as Director of
the Retirement Systems Division, Phillip J. Kirk, in his
official capacity as Secretary, North Carolina Department of
Human Resources; Herman Gruber, in his official capacity as
Director, Division of Services for the Blind, North Carolina
Department of Human Resources; Mary Ann Van Name, in her
official capacity as Chief of Business Enterprises, Division
of Services for the Blind, North Carolina Department of
Human Resources, Appellees,
and
Thomas Z. Osborne, in his official capacity as a member of
the Board of Trustees of the North Carolina Teachers' and
State Employees' Retirement System; Board of Trustees of
the North Carolina Teachers' and State Employees' Retirement
System; Defendants.
Robert P. ALMOND; Jerry A. Calloway; Vernon G. Cox; Allen
E. Dail; Janice D. Decker; David W. Guthrie; Brenda M.
Herring; Sherman L. Lewis; Janice E. Osborne; Leslie T.
Simmons, on behalf of themselves and all other persons
similarly situated, Appellees,
v.
Harlan E. BOYLES, in his official capacity as Treasurer of
the State of North Carolina and as Chairman of the Board of
Trustees of the North Carolina Teachers' and State
Employees' Retirement System; R. Eugene Ballard, in his
official capacity as a member of the Board of Trustees of
the North Carolina Teachers' and State Employees' Retirement
System; Ezra A. Bridges, in his official capacity as a
member of the Board of Trustees of the North Carolina
Teachers' and State Employees' Retirement System; M.L.
Byrd, in his or her official capacity as a member of the
Board of Trustees of the North Carolina Teachers' and State
Employees' Retirement System; William C. Covington, Jr., in
his official capacity as a member of the Board of Trustees
of the North Carolina Teachers' and State Employees
Retirement System; Withers Davis, in his official capacity
as a member of the Board of Trustees of the North Carolina
Teachers' and State Employees' Retirement System; Colleen
Jakes, in her official capacity as a member of the Board of
Trustees of the North Carolina Teachers' and State
Employees' Retirement System; Horace Jernigan, in his
official capacity as a member of the Board of Trustees of
the North Carolina Teachers' and State Employees' Retirement
System; Dan W. Jones, in his official capacity as a member
of the Board of Trustees of the North Carolina Teachers' and
State Employees' Retirement System; V. Glenn Morton, in his
official capacity as a member of the Board of Trustees of
the North Carolina Teachers' and State Employees' Retirement
System; A. Craig Phillips, in his official capacity as a
member of the Board of Trustees of the North Carolina
Teachers' and State Employees' Retirement System; Theo H.
Pitt, Jr., in his official capacity as a member of the Board
of Trustees of the North Carolina Teachers' and State
Employees' Retirement System; Linda I. Rader, in her
official capacity as a member of the Board of Trustees of
the North Carolina Teachers' and State Employees' Retirement
System; E.T. Barnes, in his official capacity as Deputy
Treasurer of the State of North Carolina and as Director of
the Retirement Systems Division, Phillip J. Kirk, in his
official capacity as Secretary, North Carolina Department of
Human Resources; Herman Gruber, in his official capacity as
Director, Division of Services for the Blind, North Carolina
Department of Human Resources; Mary Ann Van Name, in her
official capacity as Chief of Business Enterprises, Division
of Services for the Blind, North Carolina Department of
Human Resources, Appellants,
and
Thomas Z. Osborne, in his official capacity as a member of
the Board of Trustees of the North Carolina Teachers' and
State Employees' Retirement System; Board of Trustees of
the North Carolina Teachers' and State Employees' Retirement
System; Defendants.
Robert P. ALMOND; Jerry A. Calloway; Vernon G. Cox; Allen
E. Dail; Janice D. Decker; David W. Guthrie; Brenda M.
Herring; Sherman L. Lewis, on behalf of themselves and all
other persons similarly situated, Appellants,
and
Janice E. Osborne; Leslie T. Simmons, Plaintiffs,
v.
Harlan E. BOYLES, in his official capacity as Treasurer of
the State of North Carolina and as Chairman of the Board of
Trustees of the North Carolina Teachers' and State
Employees' Retirement System; R. Eugene Ballard, in his
official capacity as a member of the Board of Trustees of
the North Carolina Teachers' and State Employees' Retirement
System; Ezra A. Bridges, in his official capacity as a
member of the Board of Trustees of the North Carolina
Teachers' and State Employees' Retirement System; M.L.
Byrd, in his or her official capacity as a member of the
Board of Trustees of the North Carolina Teachers' and State
Employees' Retirement System; William C. Covington, Jr., in
his official capacity as a member of the Board of Trustees
of the North Carolina Teachers' and State Employees
Retirement System; Withers Davis, in his official capacity
as a member of the Board of Trustees of the North Carolina
Teachers' and State Employees' Retirement System; Colleen
Jakes, in her official capacity as a member of the Board of
Trustees of the North Carolina Teachers' and State
Employees' Retirement System; Horace Jernigan, in his
official capacity as a member of the Board of Trustees of
the North Carolina Teachers' and State Employees' Retirement
System; Dan W. Jones, in his official capacity as a member
of the Board of Trustees of the North Carolina Teachers' and
State Employees' Retirement System; V. Glenn Morton, in his
official capacity as a member of the Board of Trustees of
the North Carolina Teachers' and State Employees' Retirement
System; A. Craig Phillips, in his official capacity as a
member of the Board of Trustees of the North Carolina
Teachers' and State Employees' Retirement System; Theo H.
Pitt, Jr., in his official capacity as a member of the Board
of Trustees of the North Carolina Teachers' and State
Employees' Retirement System; Linda I. Rader, in her
official capacity as a member of the Board of Trustees of
the North Carolina Teachers' and State Employees' Retirement
System; E.T. Barnes, in his official capacity as Deputy
Treasurer of the State of North Carolina and as Director of
the Retirement Systems Division, Phillip J. Kirk, in his
official capacity as Secretary, North Carolina Department of
Human Resources; Herman Gruber, in his official capacity as
Director, Division of Services for the Blind, North Carolina
Department of Human Resources; Mary Ann Van Name, in her
official capacity as Chief of Business Enterprises, Division
of Services for the Blind, North Carolina Department of
Human Resources, Appellees,
and
Thomas Z. Osborne, in his official capacity as a member of
the Board of Trustees of the North Carolina Teachers' and
State Employees' Retirement System; Board of Trustees of
the North Carolina Teachers' and State Employees' Retirement
System; Defendants.
 Nos. 85-1830, 85-1831, 85-1832, 85-2019 and 85-2074.
 United States Court of Appeals,
Fourth Circuit.
 Argued April 8, 1986.
Decided June 6, 1986.
 
 Norma S. Harrell, Lead Counsel, and Doris J. Holton, Asst. Atty. Gen. (Lacy H. Thornburg, Atty. Gen., Wilson Hayman, Asst. Atty. Gen. on brief) for appellants/cross-appellees.
 Steven J. Levitas (Robert W. Spearman; John J. Butler; Sanford, Adams, McCullough & Beard; Charles R. Hassell, Jr. on brief), for appellees/cross-appellants.
 Before HALL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 K.K. HALL, Circuit Judge:
 
 
 1
 Officials of the North Carolina Department of Human Resources ("DHR") and the North Carolina Teachers' and State Employees' Retirement System (the "Retirement System") appeal from the district court's order granting summary judgment and awarding attorneys' fees to plaintiffs. Plaintiffs cross-appeal, contesting the interest component of the judgment. We affirm in part, vacate in part, and remand for a redetermination of attorneys' fees.
 
 
 2
 Plaintiffs, visually handicapped persons who operate vending stands in North Carolina, brought this class action, pursuant to the Randolph-Sheppard Act (the "Act"), 20 U.S.C. Secs. 107 et seq., to recover monies diverted from them as employer contributions to the Retirement System. The district court ruled that DHR violated plaintiffs' rights under the Act when it deducted employer contributions to the Retirement System from vending stand proceeds. It held that plaintiffs are entitled to recover those contributions from the Retirement System with interest at the rate of four percent. The district court ruled, however, that recovery would be barred by the three-year statute of limitations in the case of vendors who withdrew from the Retirement System more than three years before commencement of the action, and that recovery should be reduced by the amount of any disability retirement, disability salary continuation, or death benefits received by individual plaintiffs. Additionally, the court awarded plaintiffs attorneys' fees and costs.
 
 
 3
 In calculating the amount of attorneys' fees, the district court first determined lodestar figures for plaintiffs' counsel, Sanford, Adams, McCullough & Beard ("SAMB"), and Charles R. Hassell, by multiplying reasonable hourly rates by reasonable hours expended. It then made upward adjustments to those figures through application of factors listed in this Court's decision in Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir.), cert. denied, 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978) (adopting the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974)). The court increased both figures ten percent due to the complexity and novelty of the case, another ten percent due to the case's contingent nature, and an additional five percent in view of the results obtained. The district court further enhanced the lodestar amount for SAMB by an additional ten percent because of the reputation, ability, and experience of counsel.
 
 
 4
 On appeal, DHR and the Retirement System raise a number of contentions: (1) that the district court erred in ruling that the eleventh amendment does not bar recovery from the Retirement System; (2) that the district court erred in holding that the DHR defendants violated the Act; (3) that the district court erred in ruling the Retirement System liable in equity to plaintiffs; (4) that the district court abused its discretion in the award of attorneys' fees to plaintiffs' counsel; (5) that the district court erred in holding that the statute of limitations does not bar recovery of employer contributions made more than three years before the action was filed; and (6) that the district court erred in failing to hold that recovery was barred for vendors who left their employment before the limitation period but who did not withdraw their employee contributions to the program. In their cross-appeal, plaintiffs allege that the district court erred by awarding them only four percent interest rather than investment income at fair market rates on the funds diverted from them to the Retirement System as employer contributions.
 
 
 5
 With the exception of the attorneys' fees issue, we reject as meritless appellants' contentions one through five for the reasons stated by the district court. Almond v. Boyles, 612 F.Supp. 223 (E.D.N.C.1985). We find no merit in their sixth allegation. Likewise, we determine that plaintiffs' cross-appeal must fail, as the district court did not abuse its discretion in awarding plaintiffs only four percent interest. Therefore, the judgment below is affirmed as to these issues.
 
 
 6
 With respect to the award of attorneys' fees, we conclude that the district court applied the wrong standard in calculating the award. As we recently noted in Daly v. Hill, 790 F.2d 1071, 1078-79 (4th Cir.1986), the latest Supreme Court decisions on this matter, Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), and Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), make clear that "[a] fee based upon reasonable rates and hours is presumed to be fully compensatory without producing a windfall." Under Blum and Hensley, upward adjustments of the lodestar amount based on the other factors listed in Barber are not favored and are appropriate only where exceptional circumstances are present. Moreover, many of these additional factors are normally subsumed in initially determining the lodestar figure. Blum, 104 S.Ct. at 1548-49, Hensley, 461 U.S. at 434 n. 9, 103 S.Ct. at 1940 n. 9.*
 
 
 7
 In the instant case, the district court calculated lodestar figures for plaintiffs' counsel and then increased the two lodestar amounts thirty-five percent and twenty-five percent, respectively, based on its application of various Barber factors. We find nothing in the record to indicate that the district court identified any exceptional circumstances which warrant such increases. We conclude, therefore, that under Blum and Hensley, this enhancement of the lodestar figures was improper. Accordingly, we vacate and remand to the district court for a redetermination of appropriate attorneys' fees in light of Blum and Hensley and our decision in Daly.
 
 
 8
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 The complexity or novelty of the case, the quality of representation, and the results obtained are Barber factors which are generally subsumed within the factors used to calculate a reasonable fee and do not normally provide an independent basis for increasing the fee award. Blum, 104 S.Ct. at 1548-49